| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| WILLIAM DEXTER WHITE,               § | |
| § | |
| Petitioner,               § | |
| § | |
| *versus*               § | CIVIL ACTION NO. 1:05-CV-736 |
| § | |
| DIRECTOR, TDCJ-CID,               § | |
| § | |
| Respondent.               § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

William Dexter White, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge concerning the petition. The magistrate judge recommends the petition be dismissed as barred by the applicable statute of limitations.

The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. After careful consideration, the court concludes the objections are without merit. While petitioner asserts he is entitled to invoke the doctrine of equitable tolling, his case

does not present the type of extraordinary circumstances which would entitle him to invoke the doctrine.

Petitioner further contends that a prior case he filed challenging the state criminal conviction at issue in the current petition was improperly dismissed as barred by the applicable statute of limitations. *White v. Johnson, TDCJ-ID*, 1:97cv655 (E.D. Tex. Aug. 3, 1998). Even if petitioner's contention is correct, the magistrate judge properly concluded the current petition is barred by the applicable statute of limitations. If petitioner believes his prior petition was improperly dismissed, the proper procedural vehicle for seeking relief would be to file a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) in his prior case. The court expresses no opinion as to the merits of such a motion.

## ORDER

Accordingly, petitioner's objections to the Report and Recommendation are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered dismissing the petition.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to

debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, the petitioner has not shown that the issue of whether his claims are barred by the applicable statute of limitations is subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

SIGNED at Beaumont, Texas, this 25th day of April, 2008.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE